THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES W. RIDDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-03121 |
| | § | (JURY) |
| TEX-FIN, INC., T.A. HALL, | § | |
| JR., AND SEAN HALL, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND APPLICATION FOR ATTORNEYS' FEES

TO THE HONORABLE JUDGE LEE H. ROSENTHAL:

James W. Riddle ("Riddle") files this Motion for Entry of Judgment and Application for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 58 as follows:

### I. Basis Of The Judgment

1.  On July 19, 2010, the second trial on the merits in this case was commenced with respect to Riddle's claims. Following deliberations, the jury found that Riddle worked overtime hours for which he was not compensated. More specifically, the jury found that Riddle worked seventy-eight (78) hours of uncompensated overtime during the two-year period from October 22, 2006 to September 19, 2008.

2.  Here, Riddle requests that the Court enter a Final Judgment in accordance with the jury's verdict as well as an award of liquidated damages, post-judgment interest at the legal rate, costs, and attorneys' fees.

## II. Overtime Claim

3.   The jury found that Riddle worked seventy-nine (79) hours of overtime during the two-year period preceding the filing of the lawsuit.[1]   From October 21, 2006 to January 19, 2007 Riddle's regular rate of pay was $27.50 per hour, with a corresponding overtime rate of $41.25.   Riddle was awarded 10 hours of overtime pay during this period.   Thus, Riddle's overtime damages for this period total $412.50.   Riddle's regular rate of pay from January 20, 2007 to September 21, 2008 was $28.13 per hour, with a corresponding overtime rate of $42.19.   Riddle was awarded 69 hours of overtime pay during this period.   Thus, Riddle's overtime damages for this period total $2,911.11.   Therefore, the total amount of overtime damages due to Riddle is $3,323.61.   Including an additional amount as liquidated damages, Riddle's total damage award amounts to $6,647.22.

4.   Accordingly, Riddle requests that the Court enter a Final Judgment awarding the amount of $6,647.22 to Riddle.

## III.   Liquidated Damages

5.   As noted above, Riddle requests that the Court award the amount of $3,323.61 as liquidated damages.   Specifically, Section 216 of the FLSA states:

Any employer who violates the provisions of Section

---

1 Because the jury did not find that Tex Fin's violation of the FLSA was willful, Riddle is not entitled to recover overtime compensation for hours worked during the workweeks between October 21, 2005 through October 21, 2006.

15(a)(3) of this Act <u>shall be liable</u> for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3), including without limitation, employment, reinstatement, promotion, and the payment of wages lost and <u>an additional amount as liquidated damages</u>. (emphasis added)

6. Liquidated damages are compensatory, not punitive in nature. <u>Brooklyn Savings Bank v. O'Neil</u>, 324 U.S. 697, 706 (1945). As such, the granting of liquidated damages is mandatory under Section 216 except where the employer shows to the satisfaction of the Court that its act or omission was in good faith and based upon reasonable grounds for believing that it was not violating the Act. <u>Lowe v. Southmark Corp.</u>, 998 F.2d 335, 337-338 (5th Cir. 1993).

7. The employer's burden is difficult to meet and additional damages are the norm, single damages are the exception. <u>Reich v. Southern New England Telecomm. Corp.</u>, 121 F.3d 58, 71 (2nd Cir. 1997); <u>Bullard v. Babcock & Wilcox Tech. Serv. Pantex</u>, No. 2:07-CV-049-J, 2009 U.S. Dist. LEXIS 50906 (N.D. Tex. June 17, 2009).

8. Good faith requires some duty to investigate potential liability under the Act. <u>Barcellona v. Tiffancy English Pub., Inc.</u>, 597 F.2d 464, 468 (5th Cir. 1979). Applied here, there was no evidence presented by Tex Fin to support a finding of subjective good faith or objective reasonableness in connection with its violation of the FLSA.

9. In fact, Tex Fin offered no independent evidence of good faith or objective reasonableness. Rather, Tex Fin relied upon its defense to liability as a means to contest liquidated damages.

-3-

Essentially, Tex Fin argues that Riddle did not work any overtime for which he had not been previously compensated. However, the jury rejected Tex Fin's argument.

10. Without any other evidence to support a subjective good faith belief or objective reasonableness, Tex Fin failed to meet the difficult burden that is required to avoid the mandatory award of liquidated damages. Accordingly, Riddle asks that the Court enter final judgment providing an award of liquidated damages.

## IV. Application For Attorneys' Fees

11. Section 216(b) of the FLSA also provides for reasonable attorneys fees to be paid by the defendant in addition to any judgment awarded. Hilton v. Executive Self Storage Associates, Inc., No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 (S.D. Tex. June 18, 2009). In fact, fee awards are mandatory for prevailing plaintiffs in FLSA cases. Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 citing Kreager v. Solomon & Flanagan P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).

12. Courts use the lodestar method to assess attorneys' fees in FLSA suits. Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 citing Saizan v. Delta Concrete Prods., Co., 448 F.3d 795 (5th Cir. 2006). First, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 10. The lodestar is then determined

by multiplying the number of hours reasonably expended by the reasonable hourly rate.  Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 10.

13.  After calculating the lodestar, the court must consider whether to adjust the fee upward or downward.  Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 10.  Given the nature of claims under the FLSA, it is not unusual for attorneys' fees to exceed the amount of the judgment in the case.  Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 10.

14.  Applied here, counsel has prepared for, and participated in, two trials on the merits, as well as significant motion practice with respect to both seeking and obtaining a new trial after the first jury trial.  From October 2, 2008 though July 21, 2010, counsel has spent time researching legal issues, drafting and responding to discovery, preparing the pretrial order and proposed jury charge, preparing for and participating in both jury trials, and engaging in post-trial briefing.

15.  Attached hereto as Exhibit "A" is the Declaration of Douglas B. Welmaker ("Welmaker") and the attached billing records for the law firm of Warren & Siurek, L.L.P. (the "Firm").  Exhibit "A" reflects that Welmaker expended over two hundred hours in attorney time in the prosecution of Riddle's claim for a total of $69,712.50 requested as reimbursement for accrued attorneys' fees.

## 1. Hourly Rate

16.     The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the basis for determining a reasonable hourly rate. Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 10 citing Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002).     In addition to evidence provided by counsel, the district court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 11 citing Davis v. Bd. Of Sch. Comm'rs of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976).

17.     Attached as Exhibit "B" is a report of 2008 Hourly Billing Rates published by the Texas Lawyer, 2008 Legal Almanac, December 15, 2008.   Exhibit "B" reflects that the average billing rate for equity partners in small firms in Houston is $339.00 per hour.   Additionally, the Court has previously considered evidence stating that the prevailing hourly rate for Houston labor and employment lawyers is between $225.00 and $350.00.   Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 11.

18.     In this case, counsel is seeking reimbursement as lead counsel at an hourly rate of $325.00 per hour.   As stated in Exhibit "A," counsel practiced law in the Houston area for approximately eighteen (18) years, concentrating his practice in labor and employment law.   Additionally, counsel has participated

-6-

in numerous trials, both in state and federal court, as well as multiple arbitration proceedings.

19. Finally, these same hourly rates for lawyers with comparable experience in other FLSA cases have been found reasonable. See Miller v. Prominence Security Agency, Inc., No. H-08-978, 2009 U.S. Dist. LEXIS 106992 (S.D. Tex. November 17, 2009). Accordingly, Riddle asks the Court to find that the hourly rate requested in this case is reasonable.

## 2. Number of Hours Reasonably Expended

20. The second step in the lodestar analysis is to determine the number of hours reasonably expended by counsel in the litigation. Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 11. Fee applicants bear the burden to establish appropriate hours and the exercise of billing judgment. Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 11.

21. Here, Riddle seeks reimbursement for a total of 202.75 hours expended by Welmaker in connection with this case. This number reflects the amount of time that Welmaker has expended from October 2, 2008 through completion of the second trial. As the Court is aware, Riddle's claims encompassed a number of vigorously contested legal issues which required significant effort by counsel.

22. Of note, Riddle does not seek reimbursement for all of the Firm's time and resources expended in this matter. For example, Riddle does not request reimbursement for attorneys' fees

-7-

incurred by other counsel. Specifically, Mark Siurek and Patricia Haylon, attorneys with the Firm, have spent over eight (8) hours assisting Welmaker in various tasks such as legal research. The amount of time expended by Siurek and Haylon totals $2,840.00 in attorneys' fees accrued by Riddle but is omitted from his request for reimbursement.

23. Likewise, the Firm's billing records reflect that the Firm's legal assistants have spent over eighty-five (85) hours performing work in connection with Riddle's case. The Firm's billing rate for its legal assistants is between $125.00 per hour and $175.00 per hour which amounts to $11,612.50 for their accrued time. However, Riddle does not include any time or amounts for the services of legal assistants in this request.

24. Finally, Welmaker has also reduced the amount of his billable time by over thirty (30) hours. See Exhibit "A." The reduction in Welmaker's accrued time reduces the amount of attorneys' fees requested by $10,075.00. See Exhibit "A."

25. To summarize, Riddle and the Firm actually incurred attorneys fees in the amount of $94,240.00. By eliminating all time accrued by the Firm's attorneys and legal assistants, with the exception of Welmaker, Riddle has reduced his request for reimbursement by approximately $14,452.50. Moreover, the reduction of Welmaker's accrued hours further reduces Riddle's request by another $10,075.00. Thus, the total downward adjustment to Riddle's accrued attorneys' fees amounts to $24,527.50.

26.   Riddle has made every effort to request reimbursement for attorneys' fees in an amount that is both fair and reasonable, eliminating any duplicative or redundant billing, while also exercising billing judgment.

### 3. Adjustments To The Lodestar

27.   There is a strong presumption that the lodestar figure represents a reasonable attorneys' fee. R.M. Perez & Assoc., Inc. v. Welch, 960 F.2d 534, 541 (5th Cir. 1992). However, courts must determine whether the lodestar amount should be adjusted based on the factors set out in Johnson v. Georgia Highway Express, 488 F.2d 714, 717 (5th Cir. 1974).

28.   Many of the Johnson factors are subsumed in the lodestar calculation and need not be counted again. Hilton, No. H-06-2744, 2009 U.S. Dist. LEXIS 51417 at 15.   These include: 1) time and labor involved; 2) customary fee; 3) experience and ability of counsel; and 4) difficulty of the issues.   Johnson, 488 F.2d at 717.

29.   In this case, the outcome with respect to Riddle's overtime claim does not warrant a downward adjustment by the Court. Further, Plaintiff does not seek an upward adjustment of the lodestar amount.

30.   In sum, Riddle requests that the Court award the amount of $69,712.50 as attorneys fees.   Riddle requests an additional amount of $4,502.51 as costs.   See Exhibit "A."

V. Conclusion

31.  Riddle requests that the Court enter a Final Judgment in accordance with the jury's verdict.  Specifically, Riddle asks the Court to enter a Final Judgment awarding Riddle a total of $6,647.22 plus postjudgment interest at the legal rate.  Riddle also requests that the Court enter an award of $69,712.50 as attorneys' fees and $4,502.51 as costs.


Respectfully submitted,



Douglas B. Welmaker
TBA# 00788641
Fed ID# 17038
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
Dwelmaker@warrensiurek.com


ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond, Suite 100
Houston, Texas   77098
713-522-0066 (telephone)
713-522-9977 (fax)
Msiurek@warrensiurek.com

-10-

Patricia Haylon
TBA# 09281925
Fed ID #13941
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
Thaylon@warrensiurek.com

## CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to confer with opposing counsel regarding the foregoing motion.   Opposing counsel is opposed to this Motion.

_____
Douglas B. Welmaker

## CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion for Entry of Judgment and Application for Attorneys' Fees was served on opposing counsel by fax and/or email on July 28, 2010, properly addressed as follows:
30

Michael C. Falick,
Rothfelder & Falick, LLP,
1201 Louisiana, Suite 550,
Houston Texas 77002
713-658-8211 (fax)

_____
Douglas B. Welmaker

-12-